IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIEANNE WHEELER, on behalf of plaintiff and a class,, <br><br> Plaintiff, <br><br> v. <br><br> AFNI, INC., <br><br> Defendant. | No.: 1:12-cv-8227 |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT – CLASS ACTION

Defendant, AFNI, INC. ("defendant" or "Afni"), by and through its attorneys, David M. Schultz and Justin M. Penn, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

### INTRODUCTION

1. Plaintiff Julieanne Wheeler brings this action to secure redress from unlawful credit and collection practices engaged in by defendant AFNI, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

**ANSWER:** Defendant admits that plaintiff's Complaint purports to assert a violation of the FDCPA. Further answering the allegations in Paragraph 1, defendant denies that it violated the FDCPA, or any laws, as alleged in the Complaint, denies that the plaintiff is entitled to recover anything, denies that a class exists or should be certified, and denies the remaining allegations contained in Paragraph 1.

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

**ANSWER:** Subject to its affirmative defenses, defendant does not contest jurisdiction.

3. Venue and personal jurisdiction in this District are proper because:

a. Defendant's collection communications were received by plaintiff within this District;

b. Defendant does or transacts business within this District. PARTIES

**ANSWER:** Subject to its affirmative defenses, defendant does not contest venue or personal jurisdiction.

4. Plaintiff Julieanne Wheeler is an individual who resides in the Northern District of Illinois.

**ANSWER:** Upon reasonable inquiry, the information known and readily available to defendant renders it unable to admit the truth or falsity of the information contained in Paragraph 4 because it does not know where the plaintiff resides. Further answering the allegations in Paragraph 4, defendant states that the last known address it has for the plaintiff is located in this District.

5. Defendant AFNI, Inc. is an Illinois corporation with principal offices at 404 Brock Drive, Bloomington, IL 61701.

130482967v1 0940084

**ANSWER:** Defendant admits that it is a corporation and that it has an office at 404 Brock Drive, Bloomington, IL 61701. Defendant denies the remaining allegations contained in Paragraph 5, if any.

6. Defendant AFNI, Inc. is engaged in the business of using the mails and telephone system to collect consumer debts originally owed to others.

**ANSWER:** Defendant admits that a portion of its business involves the collection of consumer debts originally owed to others, and admits that in some instances, it uses the mails and telephone systems to that end. Further answering the allegations in Paragraph 6, defendant states that upon reasonable inquiry, the information known and readily available to defendant renders it unable to admit the truth or falsity of the allegations to the extent they concern the plaintiff because it does not know the nature of the plaintiff's debt. Defendant denies the remaining allegations contained in Paragraph 6, if any.

7. Defendant AFNI, Inc. is a debt collector as defined in the FDCPA.

**ANSWER:** Defendant admits that it is a debt collector as defined by the FDCPA in many instances and for many purposes. Further answering the allegations in Paragraph 7, defendant states that upon reasonable inquiry, the information known and readily available to defendant renders it unable to admit the truth or falsity of whether it was acting as a debt collector with respect to the plaintiff because it does not know the

nature of the plaintiff's debt. Defendant denies the remaining allegations contained in Paragraph 7, if any.

## FACTS

8. Defendant AFNI, Inc. has been attempting to collect from plaintiff an alleged debt incurred with Dish Network and incurred for personal, family or household purposes.

**ANSWER:** Defendant admits that it was attempting to collect from plaintiff a debt on which plaintiff defaulted that was incurred to Dish Network. Further answering the allegations in Paragraph 8, defendant states that upon reasonable inquiry, the information known and readily available to defendant renders it unable to admit the truth or falsity of whether the debt was incurred for personal, family or household purposes because it does not know the nature of the plaintiff's debt. Defendant denies the remaining allegations contained in Paragraph 8, if any.

9. On multiple occasions, including on Sept. 25, 2012 at 6:51 p.m. and on the same date at 8:20 p.m., defendant placed telephone calls to plaintiff from 866-633-4384.

**ANSWER:** Defendant admits the allegations contained in Paragraph 9.

10. The number belongs to AFNI, Inc.

**ANSWER:** Defendant admits the allegations contained in Paragraph 10.

11. AFNI, Inc. caused the legend "Satellite TV" to appear on plaintiff's caller ID in connection with such calls.

**ANSWER:** Defendant denies the allegations contained in Paragraph 11.

## COUNT I – FDCPA

12. Plaintiff incorporates paragraphs 1-11.

**ANSWER:** Defendant incorporates its responses to Paragraphs one through eleven as if fully restated herein.

13. AFNI, Inc. misrepresented the caller and did not identify the caller.

**ANSWER:** Defendant denies the allegations contained in Paragraph 13.

14. On information and belief, defendant AFNI, Inc. has a standard policy and practice of causing Caller ID equipment to not identify it, but instead to display "Satellite TV."

**ANSWER:** Defendant denies the allegations contained in Paragraph 14.

15. Such practice violates 15 U.S.C. §§1692d(6), 1692e, 1692e(10) and 1692e(14).

**ANSWER:** Defendant objects to Paragraph 15 as it calls solely for legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained in Paragraph 15.

16. Caller ID "spoofing" violates the FDCPA. *Sohns v. Bramacint, LLC*, Civil No. 09-1225 (JNE/FLN), 2010 U.S. Dist. LEXIS 105196 (D.Minn., October 1, 2010).

**ANSWER:** Defendant objects to Paragraph 16 as it calls solely for legal conclusions to which no response is required. To the extent a response is required,

defendant denies the allegations contained in Paragraph 16 accurately characterize the nature and scope of the FDCPA when taken as a whole. Defendant further states that, in any event, its conduct with respect to the plaintiff is not call "spoofing" and the *Sohns* case is obviously not binding on this Court.

17. 15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in the following conduct:

> **Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.**

**ANSWER:** Defendant objects to Paragraph 17 as it calls solely for legal conclusions to which no response is required. To the extent a response is required, defendant admits that the language quoted in Paragraph 17 accurately restates a portion of the FDCPA, but defendant denies the allegations contained in Paragraph 17 accurately characterize the nature and scope of the FDCPA when taken as a whole.

18. Section 1692e provides:

> **§ 1692e.   False or misleading representations [Section 807 of P.L.]**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .
>
> (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .

6

**ANSWER:** Defendant objects to Paragraph 18 as it calls solely for legal conclusions to which no response is required. To the extent a response is required, defendant admits that the language quoted in Paragraph 18 accurately restates a portion of the FDCPA, but defendant denies the allegations contained in Paragraph 18 accurately characterize the nature and scope of the FDCPA when taken as a whole.

## CLASS ALLEGATIONS

19. This claim is brought on behalf of a class, consisting of (a) all persons (b) with Illinois telephone numbers (c) with respect to whom defendant caused to appear on Caller ID the words "Satellite TV" (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

**ANSWER:** Defendant admits that the claim is brought on behalf of a putative class, but denies that a class exists, has been damaged, or should be certified. Defendant denies the remaining allegations contained in Paragraph 19.

20. The class is so numerous that joinder of all members is impracticable. On information and belief, there are more than 50 members of the class. It would be uneconomical for defendant to acquire Caller ID "spoofing" technology and not use it on a widespread basis.

**ANSWER:** Defendant denies that a class exists, and denies the remaining allegations contained in Paragraph 20.

21. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common questions are whether defendant engages in the practice alleged and whether such practice violates the FDCPA.

**ANSWER:** Defendant denies that a class exists, and denies the remaining allegations contained in Paragraph 21.

22. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

**ANSWER:** Defendant denies the allegations contained in Paragraph 22.

23. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of debt collection abuse claims and class actions.

**ANSWER:** Defendant denies the allegations contained in Paragraph 23.

24. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendant to stop its improper conduct. Many class members may be unaware that they have been victims of illegal conduct. Individual actions are not economically feasible.

**ANSWER:** Defendant denies the allegations contained in Paragraph 24.

130482967v1 0940084

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense – Arbitration*

Defendant asserts that, upon information and belief, arbitration may be the appropriate venue for plaintiff's claims, as defendant may possess certain arbitration rights based on one or more contracts entered into by plaintiff, and this matter may be precluded from proceeding within the United States District Court.

### *Second Affirmative Defense – Lack of Standing*

Defendant asserts that plaintiff has not incurred an injury in fact, and plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims or assert them on behalf of a putative class.

### *Third Affirmative Defense – Bona Fide Error*

Defendant states that any violation of the Fair Debt Collection Practices Act, which defendant denies occurred, was not intentional and the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### *Fourth Affirmative Defense – Additional Unique Defenses to Class*

Defendant states that additional affirmative defenses may exist as to individual class members in the event a class is certified, such as consent, the Voluntary Payment Doctrine, class members who filed for Chapter 7 bankruptcy, and other individual defenses not presently known. Defendant reserves the right to amend their Affirmative Defenses to address those potential defenses.

130482967v1 0940084

WHEREFORE, Defendant, AFNI, INC., respectfully requests that the Court dismiss the complaint in its entirety and grant such other and further relief in its favor as the Court deems just and proper.

>Respectfully submitted,
>
>HINSHAW & CULBERTSON LLP
>
>By:   /s/ Justin M. Penn
>       Attorneys for Defendant

David M. Schultz
Justin M. Penn
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000

130482967v1 0940084

## CERTIFICATE OF SERVICE

I hereby certify that on **December 11, 2012,** I electronically filed the forgoing **ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT – CLASS ACTION** with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service to be served upon all parties of record.

                                        HINSHAW & CULBERTSON LLP

                                        /s/ Justin M. Penn

Justin M. Penn
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
Tel: 312-704-3000
Fax: 312-704-3001

## CERTIFICATE OF SERVICE

I hereby certify that on **December 11, 2012,** I electronically filed the forgoing **ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT – CLASS ACTION** with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service to be served upon all parties of record.

                                        HINSHAW & CULBERTSON LLP

                                        /s/ Justin M. Penn

Justin M. Penn
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
Tel: 312-704-3000
Fax: 312-704-3001